**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000817
17-JUN-2015
08:01 AM**

NO. CAAP-12-0000817

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SAU WAN SIN, Petitioner-Appellant, v.
JEFF FUNG, Respondent-Appellee


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 12-1-0859)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Ginoza, JJ.)

In this appeal from the denial of a petition for protective order, Petitioner-Appellant Sau Wan Sin (Sin) challenges the procedure allegedly mandated by the Family Court of the First Circuit (Family Court)[1] in denying her ex parte petition.

Sin argues that, although there is no longer a live controversy in this case, it is not moot because it falls within the public interest exception to the mootness doctrine.  On the merits of her appeal, Sin contends that the Family Court erred when it applied the requirements of Hawaii Revised Statutes (HRS) § 586-3(c) (2006) because it (1) ruled that a petitioner seeking a protective order must use the form provided by the court; (2) refused to consider her Declaration; and (3) ruled that a Petition for Order For Protection (POFP) must be signed under penalty of perjury.

---

[1]     The Honorable Jennifer L. Ching presided.

After a careful review of the points raised and arguments made by the parties, the applicable authority and the record, we conclude that Sin's case is moot and that this case does not implicate the public interest exception to the mootness doctrine because, on the facts of this case, the Family Court merely applied the plain language of the applicable statute and therefore did not err in refusing to consider Sin's attachment to the POFP.

Sin concedes that there is no live controversy in this case because the Family Court granted her subsequent petition for a protective order.[2] Whether a case is moot is a matter of jurisdiction that we review *de novo*. Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 4-5, 193 P.3d 839, 842-43 (2008) (Hamilton). It is well settled that

> The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal--adverse interest and effective remedy--have been compromised.

Hamilton, 119 Hawai'i at 5, 193 P.3d at 843 (citation omitted). As evidenced by the Family Court's Conclusion of Law #6,[3] as well as Finding #19(b),[4] a Temporary Restraining Order (TRO) was

---

[2]  As Respondent-Appellee Jeff Fung (Fung) has not filed an answering brief, there is no opposition on appeal.

[3]

6. In light of the court's issuance of the TRO requested by Petitioner for herself and the Child against Respondent in FC-DA No. 12-1-0952 on October 16, 2012, this matter is moot.

[4]  Finding #19 read,

19. In addition to the present case, the court takes judicial notice of the record and file in the following related Family Court domestic abuse restraining order cases involving Petitioner, Respondent, and the Child:

a. The day subsequent to submitting her Petition in this case, Petitioner on September 20, 2012, in FC-DA No. 12-1-0863, submitted to the court a second petition in which she sought protection from the court for herself and the subject minor child against Respondent. That petition was

(continued...)

2

apparently issued against Fung at Sin's request in a subsequent case, and said TRO was not set to expire until more than four months after the Family Court entered its Findings of Fact and Conclusions of Law in this case.  Further, Sin alleges on appeal that she subsequently received an order of protection in that case.  Therefore, we agree that no further remedy can be awarded to Sin.

However, Sin relies on the public interest exception to the mootness doctrine in support of her argument that we reach the merits of her appeal.  In Hawai'i,

> when the question involved affects the public interest and an authoritative determination is desirable for the guidance of public officials, a case will not be considered moot. When analyzing the public interest exception, we look to (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question.

Doe v. Doe, 116 Hawai'i 323, 327, 172 P.3d 1067, 1071 (2007) (citations and quotation marks omitted).  Sin argues that her appeal qualifies under the public interest exception because (1) the process for filing a petition for a protective order is a matter of public concern; (2) the Family Court should not have unchecked discretion in deciding whether or not to consider a petition in its entirety; (3) the POFP form provided to the public must conform to the statutory requirements; and (4) as prospective petitioners frequently prepare statements regarding

---

[4](...continued)
denied by the court and filed with the court on September 21, 2012.  The Petitioner filed an appeal on September 25, 2012.

b. Following the denial of the petitions in this case and FC-DA No. 12-1-0863, the Petitioner on October 16, 2012, in FC-DA No. 12-1-0952, submitted to the court a newly completed third petition in which she sought protection from the court for herself and the subject minor child against Respondent.  That petition was granted by the court and the TRO, which is set to expire on April 14, 2013, was issued against the Respondent. Respondent was served with the petition and TRO and the parties appeared at the show cause hearing scheduled on the morning of October 30, 2012.  At Respondent's request, the hearing was continued to December 28, 2012 to allow Respondent's attorney to be present. In the meantime, the TRO issued against Respondent for the protection of Petitioner and the parties' minor child remains in full force and effect and is enforceable against Respondent.

their experience of abuse without knowledge of the statutory requirements, there is a strong likelihood of future recurrence of this issue.

Here, Sin mischaracterizes the Family Court's action. The Family Court did consider the information contained in the POFP but refused to take into account the allegations in Sin's attached Declaration because these allegations were not made under penalty of perjury.

HRS § 586-3(c) provides,

> A petition for relief shall be in writing upon forms provided by the court and <u>shall allege, under penalty of perjury</u>, that: a past act or acts of abuse may have occurred; threats of abuse make it probable that acts of abuse may be imminent; or extreme psychological abuse or malicious property damage is imminent; <u>and be accompanied by an affidavit made under oath or a statement made under penalty of perjury stating the specific facts and circumstances from which relief is sought.</u>

(Emphasis added.)

Thus, the Family Court's decision was not a product of "unchecked" discretion, but applied the statute's mandate. Moreover, this statutory requirement is necessary to a reasonable balance between the interests and rights of the petitioner and respondent. A POFP is essentially a combination request for a TRO pursuant to HRS § 586-4 (2006 and Supp. 2014) and an order for protection (OFP) pursuant to HRS § 586-5.5 (2006). Under HRS § 586-4, the Family Court may immediately grant relief to a petitioner without notice or hearing upon the attested allegations, provided that petitioner's allegations show probable cause that past abuse has occurred or that threats of abuse make it probable that acts of abuse may be imminent, and that a hearing is held within fifteen days of issuing the TRO. Further, the TRO can be continued for a maximum total of 180 days. <u>See</u> HRS § 586-5 (2006 and Supp. 2014).

Under HRS § 586-5.5, an OFP can be granted after the court considers all relevant evidence and the petitioner has met her burden of "prov[ing] the petitioner's underlying allegations by a preponderance of the evidence." <u>Kie v. McMahel</u>, 91 Hawai'i 438, 442, 984 P.2d 1264, 1268 (App. 1999). An OFP "may include all orders stated in the temporary restraining order and may provide for further relief as the court deems necessary to

4

prevent domestic abuse or a recurrence of abuse" and has no maximum duration. HRS § 586-5.5. The POFP form used in this case includes both a request for a TRO to ensure protection in the short term and a request for an OFP to continue that protection.

By its very nature, a restraining or protective order impinges upon a person's fundamental freedom of movement as it prevents the respondent from taking certain actions or being in certain places. See Coyle v. Compton, 85 Hawai'i 197, 207, 940 P.2d 404, 414 (App. 1997) (examining orders under HRS §§ 586-4 and -5.5). Where it is shown that abuse has occurred or may be imminent, this exigency justifies the temporary curtailment of this fundamental freedom without prior notice or opportunity to challenge the allegations. HRS § 586-4. See Hamilton ex rel. Lethem v. Lethem, 125 Hawai'i 330, 341, 260 P.3d 1148, 1159 (App. 2011) (Hamilton II) vacated on other grounds, 126 Hawai'i 294, 270 P.3d 1024 (2012). Where the respondent does not have the opportunity to respond before the issuance of the order, safeguards assuring the reliability of the information presented to the court are especially important. Hamilton II, 125 Hawai'i at 344, 260 P.3d at 1162 ("The ex parte TRO process under HRS Chapter 586 includes a number of procedural safeguards. The petitioner must allege past acts of abuse or threats of abuse, including the specific facts and circumstances from which relief is sought. The allegations must be made under oath and penalty of perjury.") (citation and internal quotation marks omitted). Sin's attempt to construe this requirement as mere "form" between the petitioner and the court therefore misses its true significance. Indeed, when the respondent in Hamilton II challenged the family court's provision of form pleadings to petitioners as vulnerable to abuse, this court responded that

> The forms still require the petitioner to supply the specific factual allegations in their own words. Finally, the forms contain a declaration that the petition is made under penalty of perjury. Given the exigent nature of ex parte TROs, and the State's legitimate interest in providing an accessible procedure for obtaining them, the form pleadings offer sufficient protection of both parties' interests.

Id. at 345, 260 P.3d at 1163 (emphases added); see also Hamilton ex rel. Lethem v. Lethem, 126 Hawai'i 294, 303, 270 P.3d 1024, 1033 (2012) ("The ICA therefore correctly concluded that the procedure for obtaining an ex parte TRO under chapter 586 comports with due process."). Clearly, the requirement, under HRS § 586-3(c) (2006), that petitioners requesting an ex parte TRO sign their allegations under penalty of perjury is critical to the preservation of a respondent's due process. Sin's argument that a petitioner's failure to sign a POFP under penalty of perjury amounts to a defect in form rather than substance is thus without merit.

We therefore conclude that Sin's appeal does not present questions meeting the requirements of the public interest exception to mootness and we decline to decide Sin's appeal as it is moot.

Therefore, Sin's appeal from the denial of Sin's September 19, 2012 ex parte Petition for an Order of Protection entered by the Family Court of the First Circuit is dismissed.

DATED: Honolulu, Hawai'i, June 17, 2015.

On the briefs:

Philip Dureza,
for Petitioner-Appellant.

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

6